UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-133-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARIA GUADALUPE LOPEZ-AYALA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's pro se motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 67). The Government has filed a response, agreeing that Defendant is eligible for a sentence reduction. (Doc. No. 73). For the following reasons, the Court will grant the motion.

I. Background

Between 2019 and 2020, Defendant participated in a methamphetamine- and heroin-trafficking conspiracy that operated in Mecklenburg, Gaston, and Iredell Counties in North Carolina, and in Mexico. (Doc. No. 51 ¶¶ 5–6). Working with the CJNG Cartel out of Mexico, Defendant conspired to distribute at least 4 kilograms of heroin and at least 3 kilograms of methamphetamine, distributing multiple ounces of heroin and/or methamphetamine at a time. (Id. ¶¶ 6, 19–21, 29, 45, 50, 59). When police arrested Defendant, she had "bulk narcotics" in her car, and the police found additional large quantities of narcotics and a rifle when they served Defendant's home. (Id. ¶ 5–6). Defendant also regularly laundered the proceeds of her drug trafficking. (Id. ¶¶ 7, 42).

A federal grand jury indicted Defendant and charged her with conspiracy to distribute

1

and possess with intent to distribute at least one kilogram of heroin and at least 500 grams of a methamphetamine mixture, 21 U.S.C. § 846; money-laundering conspiracy, 18 U.S.C. § 1956(h); and two counts of possessing with intent to distribute heroin, 21 U.S.C. § 841. (Doc. No. 5). Defendant entered into a plea agreement with the United States and pleaded guilty to both conspiracy offenses and one heroin-trafficking offense. (Doc. No. 39 ¶ 1; id., Doc. No. 40).

This Court's probation office submitted a presentence report and calculated a total offense level of 40. (Doc. No. 51 ¶ 86). This offense level included offense-level increases based on Defendant's possession of a firearm and her aggravating role in the drug-trafficking/money-laundering organization. (Id. ¶¶ 70, 73, 76, 79). The probation office assigned Defendant zero criminal history points and found that the Sentencing Guidelines advised a sentence of between 292 and 365 months in prison based on a total offense level of 40 and a criminal history category of I. (Id. ¶¶ 92, 112). At sentencing, this Court found that the two-offense-level firearm increase and the aggravating-role increase should not apply. (Doc. No. 65 at 1). This Court also reduced Defendant's total offense level by two levels under the safety-valve provision of Sentencing Guidelines § 2D1.1(b)(18). (Id.). This Court found that the Sentencing Guidelines advised a sentence of between 135 and 168 months in prison based on a total offense level of 33 and a criminal history category of I. (Id.). This Court sentenced Defendant to 135 months in prison, at the bottom of that range. (Doc. No. 64 at 2).

During her time in the Bureau of Prisons, Defendant has not received any disciplinary citations. (Gov't Ex. 1). Defendant has completed 17 educational courses or work assignments. (Id.). Defendant has 50 months of credit and, according to the Bureau of Prisons Inmate Locator, is scheduled to be released on September 19, 2028. Defendant now asks this Court to reduce her sentence based on Amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently

been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term the defendant has already served. Id. § 1B1.10(b)(2)(C).

**III. Analysis**

The Court will grant Defendant's motion. First, Defendant is eligible for a reduction in her sentence. Defendant was assessed zero criminal history points, and none of the exceptions precluding eligibility for a sentence reduction apply. Reducing Defendant's offense level by two levels would reduce her advisory guideline range to 108 to 135 months in prison, based on a total offense level of 31 and a criminal history category of I. See U.S.S.G. ch. 5, pt. A. Defendant is eligible, therefore, for a reduction in her sentence to 108 months.

Defendant has performed well in prison, avoiding any disciplinary citations. Defendant's offense conduct was serious but non-violent. And considering the sentencing objectives described in 18 U.S.C. § 3553(a), the Court finds that those factors, including Defendant's lack

of significant criminal history, good performance in prison, and the non-violent nature of her offense conduct, weigh in favor of a sentence reduction. The Court will, therefore, grant Defendant's motion. The Court sentences Defendant to a term of 108 months of imprisonment.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Reduced Sentence (Doc. No. 67) is **GRANTED**.

**(2)** The Court sentences Defendant to a term of 108 months of imprisonment.

.

Signed: February 29, 2024

Max O. Cogburn Jr.
United States District Judge